O’Neill, J.,
dissenting. The majority of this court has affirmed the decision of the Board of Tax Appeals in this case, on the grounds that the statute in question is constitutional, that the test checks were not unlawful, and that the decision of the Board of Tax Appeals is neither unreasonable nor unlawful, and has cited in support of this judgment the cases of S. S. Kresge Co. v. Bowers, Tax Commr., 170 Ohio St., 405, and Obert v. Evatt, Tax Commr., 144 Ohio St., 492.
The Kresge case is not dispositive of this case for two reasons.
First: The test check in the Kresge case was made of the vendor’s business. In the instant case, the tests checks were made of the business of the successor to the vendors and the business of the successor to the successor of the vendors.
The first question presented in this case is whether there is authority in law for the Tax Commissioner to make an audit of the business of a successor to the vendors and the business of the successor to the successor of the vendors and use the result of these tost checks as the basis for assessments against the vendors.
The record in the Kresge case does not present this question, the syllabus does not decide it, and neither the syllabus nor the opinion in the Kresge case refers to this question, either directly or indirectly.
Second: The second question presented in this case is whether the test checks were for a representative period, as provided by Section 5739.10, Revised Code.
The third paragraph of the syllabus of the Kresge case holds that the test checks in that case were “for a representative period.” An examination of the opinion discloses, however, that that conclusion was reached upon the assumption (page 407) that the test checks were made “in the manner, at the stores and at times suggested by the appellant itself. Under these circumstances the appellant can not be heard to complain that the statutory requirement for ‘a representative period’ was not met duly and fairly.”
The record in the instant ease presents an entirely different set of facts and in no way justifies the assumption upon which the judgment was reached in the Kresge case.
*465 (A careful scrutiny of the record in the Kresge case suggests that the assumption in the court’s opinion in that case was not supported by the record.)
There is no reference in the syllabus or the opinion in the Kresge case, either directly or indirectly, as to the principles which the Tax Commissioner must observe of the policies he must follow to make a test check meet the statutory requirement of ‘ ‘ a representative period. ’ ’
The Obert case is not dispositive of this case for the reason that the Board of Tax Appeals, in its opinion in this case, said that “the commissioner proceeded to compute appellant’s sales tax liability under the provisions of Revised Code Section 5739.10.”
Since the Obert case was decided (February 28, 1945), the statute was amended (122 Ohio Laws, 914, Recodification Act of 1953) and the following pertinent language inserted in the section discussed by the court in the Obert case (Section 5546-12a, General Code, now Section 5739.10, Revised Code):
“* * * there is hereby levied upon the privilege of engaging in the business of making retail sales, an excise tax of three per cent of the receipts derived from all such retail sales, except retail sales under 41 cents * * *. For the purpose of this section no vendor shall be required to maintain records of individual retail sales of tangible personal property> under 41 cents, and no assessment shall be made against any vendor for retail sales of less than 41 cents, solely because the vendor has no records of, or has inadequate records of, retail sales of less than 41 cents; provided that where a vendor does not have adequate records of receipts from his retail sales in excess of 40 cents, the Tax Commissioner may refuse to accept the vendor’s return, and upon the basis of test checlcs of the vendor’s business for a representative period, and other information relating to the sales made by such vendor, determine the proportion that taxable retail sales bear to all his retail sales.” (Emphasis indicates language inserted by amendment.)
That amendment contained the exact language under consideration in this case.
Since the Kresge case and the Obert case give no help in deciding this case, an examination must now be made of the *466 applicable statutes and case law as they apply to the questions of law raised by the record in this case.
The Board of Tax Appeals, in its opinion, said:
“Under these circumstances it .would have obviously been impossible for the Tax Commissioner to conduct a ‘bracket audit’ of appellant’s sales provided by Revised Code Section 5739.02, and the commissioner proceeded to compute appellant’s sales tax liability under the provisions of Revised Code Section 5739.10, which section reads as follows:
“ ‘In addition to the tax levied in Section 5739.02 of the Revised Code, and to secure the same objectives specified in such section, there is hereby levied upon the privilege of engaging in the business of making retail sales, an excise tax of three per cent of the receipts derived from all such retail sales, except retail sales under 41 cents and those to which the excise tax imposed by Section 5739.02 of the Revised Code is made inapplicable by division (B) of said section. For the purpose of this section no vendor shall be required to maintain records of individual retail sales of tangible personal property under 41 cents, and no assessment shall be made against any vendor for retail sales of less than 41 cents, solely because the vendor has no records of, or has inadequate records of, retail sales of less than 41 cents; provided that where a vendor does not have adequate records of receipts from his retail sales in excess of 40 cents, the Tax Commissioner may refuse to accept the vendor’s return, and upon the basis of test checks of the vendor’s business for a representative period, and other information relating to the sales made by such vendor, determine the proportion that taxable retail sales bear to all his retail sales. The tax imposed by this section shall be determined by deducting from the sum representing three per cent of the receipts from such retail sales the amount of tax paid to the state by means of canceling prepaid tax receipts in accordance with Section 5739.03 of the Revised Code. This section does not affect any duty of the vendor under Sections 5739.01 to 5739.19, inclusive, and 5739.26 to 5739.31, inclusive, of the Revised Code, nor the liability of any consumer to pay any tax imposed by Section 5739.02 of the Revised Code.’ ” (Emphasis supplied.)
*467 That conclusion is supported by the mathematical detail of each assessment set forth in the Board of Tax Appeals’ opinion. The Tax Commissioner accepted as accurate the gross receipts reported by appellants, deducted tax payments made by appellants and applied the percentages for exceptions which were arrived at by the test checks conducted under authority of Section 5739.10, Revised Code, in computing appellants’ assessments.
These assessments were made on the basis of the test checks by order of the Tax Commissioner. He was prohibited by law (Section 5739.10, Revised Code) from making assessments solely because the vendor has no records, or has inadequate records, of retail sales of less than 41 cents. The Tax Commissioner was not authorized under Section 5739.10, Revised Code, to make a tax assessment upon all receipts because this section excepted sales under 41 cents.
The Tax Commissioner, having ordered test checks to determine the tax liability of appellants, is required to make such ehecks in accordance with the statute (Section 5739.10, Revised Code).
This was not done.
The statute is plain. It authorizes a test check of a vendor’s business. It does not authorize a test check of a successor’s business or the business of a successor to a successor.
The Board of Tax Appeals, in its opinion, admitted this.
The board here, in effect, said: “We recognize that these test checks were not carried out in accordance with the law, but we refuse to follow the law because we do not like it and we think we can legislate more logically by bureaucratic administrative fiat than did the Legislature.”
The test checks were not for a representative period. The rule of law applicable to this case is clearly set forth in the per curiam opinion in the case of Bronowicz, d. b. a. Toledo Original Hot Dog, v. Bowers, Tax Commr., 169 Ohio St., 193.
In the Bronowicz case, the Board of Tax Appeals modified the order of the Tax Commissioner and remanded the cause for correction, and, in accordance with such modification, stated in its entry, “where known facts exist, that the audit *468 period and the test period are each not representative of the other in their entirety, that the assessor must be mindful of any such dissimiliarity, and give it reasonable and fair application in his order thereon made.”
The Tax Commissioner appealed from that decision to the Supreme Court, and this court affirmed the decision of the Board of Tax Appeals.
In the Bronowicz case, the question of whether there is authority in law for the Tax Commissioner to make an audit of the business of a successor to the vendor or the business of any person other than the vendor was not raised before the Board of Tax Appeals or in the Supreme Court. Neither the opinion of the Board of Tax Appeals nor the opinion of this court decided the question or even discussed it, directly or indirectly.
The board, in its opinion, admitted that the test checks were not for a representative period as required by statute.
The board held in its opinion that it does not like the result which following the statute would require and, therefore, held that the Tax Commissioner can overlook the statute.
On the record in this case, the board was compelled to conclude, as it did, that the test checks were not “for a representative period” as required by statute.
No member of this court would permit the government to audit his income for a three-day period in the fall of 1958 and then assess his income tax for the year 1954 on the basis of that three-day audit on the ground that the audit was for a representative period. The principle of law established by the majority in this case would go further and permit an assessment for 1954 and three succeeding years based upon a three-day audit in 1958 of the income of a successor judge.
The majority of this court refuses to believe that the Legislature intended to say what it did say, namely, that the Tax Commissioner was authorized to make test checks of vendors’ business. The principle of law applicable to this conclusion is well stated in the seventh paragraph of the syllabus of the case of State, ex rel. Foster, v. Evatt, Tax Commr., 144 Ohio St., 65, which reads as follows:
“Courts have no legislative authority and should not make *469 their office of expounding statutes a cloak for supplying something omitted from an act by the General Assembly. The question is not what did the General Assembly intend to enact, but what is the meaning of that which it did enact. (Slingluff v. Weaver, 66 Ohio St., 621, approved and followed.)”
The exclamation of despair, “In what better way or in what other way can it be done,” raised by those who would sustain these assessments, is insufficient to make them lawful.
The Tax Commissioner did not follow the law in two respects :
1. The test checks were not made of the vendors’ business as required by statute (Section 5739.10, Revised Code).
2. The test cheeks were not “for a representative period” as required by Section 5739.10, Revised Code.
The assessments, therefore, are unlawful and unreasonable.
The Tax Commissioner’s and the Board of Tax Appeals’ conclusion that the test checks were of “vendor’s business,” when admittedly they were of someone else’s business, and the Tax Commissioner’s and the Board of Tax Appeals’ conclusion that the test checks were for “a representative period,” when admittedly they were not, are unlawful and unreasonable and result in a taking of property without due process of law in violation of Section 1, Article XIV, Amendments, of the federal Constitution.
The decision of the Board of Tax Appeals should be reversed.
Taft, J., concurs in the foregoing dissenting opinion.